UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10818

***************************************************
ROBERT VECCHI *
Plaintiff, v. *
*
*
DUPUY ORTHOPAEDICS, INC. *
Defendant *
*
***************************************************

**PLAINTIFF'S COMPLAINT**

**The Parties and Jurisdiction**

1. The plaintiff, Robert J. Vecchi, is a resident of Plymouth, MA, County of Plymouth, Commonwealth Of Massachusetts.

2. The defendant, DuPuy Orthopaedics, Inc., a part of the Johnson & Johnson Companies, on information and belief is a corporation with its corporate headquarters and principal place of business located in Warsaw Indiana, 46582

3. At all material times hereto, the defendant, DuPuy Orthopaedics, Inc., was subject to the provisions of M.G.L. c. 223A, the Massachusetts "Long-Arm" statute, for:

(a) transacting any business in the Commonwealth;

(b) causing tortious injury by an act or omission in the Commonwealth;

(c) causing tortious injury in the commonwealth by an act or

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

omission outside the Commonwealth where defendant derived substantial revenue from goods sold within the Commonwealth.

5. That the defendant, DuPuy Orthopaedics, Inc., at all times material hereto, designed, manufactured, sold, marketed and distributed, and/or otherwise placed into the channels of interstate commerce, a knee replacement device/implant known as the Johnson and Johnson knee replacement system with components consisting of and/or treated with polyethylene.

6. Pursuant to M.G.L. c. 106, §2-607 (3) (a) and M.G.L. c. 106, 2-318, the plaintiff has provided notice sufficient to apprise the defendant of defects in the subject product/similar products and breach of warranties associated with said product had been made.

7. Jurisdiction is based on the diversity of citizenship of the parties pursuant to 28 U.S.C. Section 1331, with an amount in controversy exceeding $75,000.00.

**The Facts**

8. That on or about November 10, 1999, the plaintiff, Robert Vecchi, underwent a total left knee replacement in which the operating surgeon utilized the Johnson & Johnson Replacement System with components consisting of, and/or treated with polyethylene.

9. That as a result of a defect in the product, the plaintiff developed significant medial condyle osteolysis with complete bone loss in the medial compartment of the left knee and required surgery on or about November 21, 2008, in an effort to correct and abate the bone destruction.

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

10. Due to injuries caused by the defendant's product, Mr. Vecchi has been advised that more likely than not he will require another complete knee replacement within the next several years.

**COUNT I**

**(Robert Vecchi v. Dupuy Orthopaedics, Inc.)**

**(Negligence)**

11. Plaintiff restates and re-alleges herein each and every allegation of paragraphs one through ten, supra.

12. That the defendant, DuPuy Orthopaedics, Inc., was negligent in its failure to safely develop, design, and/or manufacture the knee replacement system implanted in the plaintiff in November, 1999.

13. That the defendant, DuPuy Orthopaedics, Inc , was negligent in failing to provide sufficient warnings and instructions as to adverse side effects of the implant, including bone destruction.

14. That the defendant continued to market, sell and/or distribute the subject product, when it knew or should have known of the aforementioned adverse side effect and other adverse side effects.

15. That as a direct and proximate result of the defendant, its agents, servants, or employee's negligence, the plaintiff suffered injury of body, anguish of mind, required a major surgical intervention, most likely will require another major surgery, has incurred and will incur expenses for medical/surgical care, and was otherwise injured all as will be shown at the trial of this action.

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

WHEREFORE, the plaintiff, Robert Vecchi, demands judgment against the defendant in the amount of $350,000 plus interest and costs.

**COUNT II**

**(Robert Vecchi v. DuPuy Orthopaedics, Inc.)**

**(Breach of Uniform Commercial Code Warranty**

**M.G.L. c. 106, §2-313)**

16. Plaintiff restates and re-alleges herein each and every allegation of paragraphs one through fifteen, supra.

17. That the defendant, its agents, servants and/or employees warranted that said product would conform to the affirmations, promises, descriptions, samples and/or models for use of this kind of product.

18. That the plaintiff and/or his physician relied upon those express warranties of safety made by defendant, its agents, servants and/or employees in connection with the sale and use of said product.

19. That, in fact, said product was not fit for the purpose expressly warranted in that said product was defective, and also defective by virtue of its lack of warnings, and any and all defects could not reasonably have been discovered by plaintiff.

20. That as a direct and proximate result of the defendant, its agents, servants, or employee's breach of warranty, the plaintiff suffered injury of body, anguish of mind, most likely will require major surgical intervention, has incurred and

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

will incur expenses for medical/surgical care, and was otherwise injured all as will be shown at the trial of this action.

WHEREFORE, the plaintiff, Robert Vecchi, demands judgment against the defendant in the amount of $350,000 plus interest and costs.

**COUNT III**

**(Robert Vecchi v. DuPuy Orthopaedics Inc.)**

**(Breach of Uniform Commercial Code Warranty)**

**(M.G.L. c. 106, §2-314)**

21. Plaintiff restates and re-alleges herein each and every allegation of paragraphs one through twenty, supra.

22. That the plaintiff was a person whom the defendant reasonably might have expected to use or be affected by said product.

23. That the defendant impliedly warranted that said product was merchantable and fit for its ordinary purpose and use, including safe use, and would pass without objection in the trade, and in other ways as will be shown at the time of trial, and that the defendant, breached said warranty in that said product was defective and unreasonably dangerous, including defective and unreasonably dangerous due to lack of warnings and instruction.

24. That as a direct and proximate result of the defendant, its agents, servants, or employee's breach of warranty, the plaintiff suffered injury of body, anguish of mind, most likely will require major surgical intervention, has incurred and

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

will incur expenses for medical/surgical care, and was otherwise injured all as will be shown at the trial of this action.

WHEREFORE, the plaintiff, Robert Vecchi, demands judgment against the defendant in the amount of $350,000 plus interest and costs.

**COUNT IV**

**(Breach of Uniform Commercial Code Warranty)**

**(M.G.L. c. 106, § 2-315)**

25. Plaintiff restates and re-alleges herein each and every allegation of paragraphs one through twenty-four supra.

26. That the defendant its agents, servants and/or employees, impliedly warranted that said product would be fit and suitable to the particular purpose intended.

27. That the plaintiff and/or his physician relied upon the skill and judgment of the defendant, its agents, servants and/or employees, in furnishing a fit suitable product to be used in connection with their business.

28. That, in fact, said product was not fit and suitable for the particular purpose intended, and said product was defective, and also defective by virtue of its lack of warnings, which defect could not reasonably have been discovered by the plaintiff.

29. That as a direct and proximate result of the defendant, its agents, servants, or employee's breach of warranty, the plaintiff suffered injury of body, anguish of mind, most likely will require major surgical intervention, has incurred and

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

will incur expenses for medical/surgical care, and was otherwise injured all as will be shown at the trial of this action.

WHEREFORE, the plaintiff, Robert Vecchi, demands judgment against the defendant in the amount of $350,000 plus interest and costs.

THE PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON EACH AND EVERY ISSUE HEREIN.

Date: May 12, 2010

The Plaintiff,
By his Attorney,
JOSEPH G. ABROMOVITZ, P.C.

s/Joseph G. Abromovitz

Joseph G. Abromovitz
B.B.O. Number: 011420
858 Washington Street
Third Floor
Dedham, MA 02026
PHONE: (781) 329-1080

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com